UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x
RLI INSURANCE COMPANY and ALEA NORTH
AMERICAN INSURANCE COMPANY a/s/o 430    Case No. 05-CV-09961
OWNERS CORP.,                            (LAK)(FM)

                             **Plaintiffs,**

                             -against-

KING SHA GROUP, INC., CERTIFIED TESTING
LABORATORIES, INC., GOLDEN VALE
CONSTRUCTION CORP. and S.T.A. PARKING
CORP.,

                             **Defendants.**
------------------------------------------------------------------------ x


# MEMORANDUM OF LAW
## IN SUPPORT OF DEFENDANT S.T.A. PARKING CORP.'S INQUEST FOR DAMAGES AGAINST DEFENDANT GOLDEN VALE CONSTRUCTION CORP.


**RUSSELL M. WOLFSON (RW2847)**
Attorney for Defendant S.T.A. Parking Corp.
The Woolworth Building
233 Broadway, Suite 2200
New York, New York 10279
(212) 792-0198

**PRELIMINARY STATEMENT**

This memorandum of law is being submitted on behalf of defendant S.T.A. Parking Corp. ("STA") in support of STA's inquest for damages to be awarded against defendant Golden Vale Construction Corp. ("Golden Vale"). As set forth in detail herein, STA is entitled to an award of damages against Golden Vale in the amount of $1,736,468.00.

**STATEMENT OF FACTS**

For the sake of brevity, the Court is respectfully directed to the accompanying affidavits of Michael Zacharias[1] and James R. Beach, P.E.[2] for a full recitation of STA's proof of damages. All capitalized terms specifically defined in those papers are being ascribed the same meanings when utilized herein.

**PROCEDURAL HISTORTY**

This action was commenced by plaintiffs on November 28, 2005 (a copy of the complaint is annexed hereto as exhibit "A"). STA answered and cross-claimed against all of the other defendants for indemnification and contribution. In addition, STA asserted separate cross-claims against each of the other defendants as follows: Certified Testing Laboratories, Inc. ("CTL") for professional malpractice; King Sha Group, Inc. ("Kng Sha") for breach of contract; and Golden Vale for negligence (a copy of STA's answer is annexed hereto as exhibit "B"). Golden Vale initially appeared in this action by the law firm of Goetz Fitzpatrick LLP. On May 15, 2006, Goetz Fitzpatrick moved to withdraw as Golden Vale's counsel. Its motion was granted by Judge Lewis A. Kaplan by order dated June 2, 2006. Thereafter, Golden Vale failed to obtain new counsel, failed to respond to correspondence served in this action, failed to appear at any subsequent court conference and otherwise failed to participate in discovery and in the

---

[1] The "Zacharias Affidavit".
[2] The "Beach Affidavit".

litigation. Accordingly, STA moved for a default judgment against Golden Vale which was granted by Judge Kaplan on March 1, 2007 (a copy of the order is annexed hereto as exhibit "C").

Plaintiffs settled their claims against the defendants in about August 2007. STA and the remaining cross-claim defendants, CTL and King Sha, then consented in December 2007 for STA's cross-claims to be referred to Hon. Frank Maas for trial. Golden Vale had already defaulted at the time so it did not execute the consent form. Judge Kaplan referred the case to Judge Maas by order dated January 7, 2008 (copies of the order and consent are annexed hereto as exhibit "D").

STA subsequently settled its cross-claims against CTL and King Sha for $300,000 and $154,000, respectively. By scheduling order dated April 29, 2008, Judge Maas directed STA to submit documentation to take an inquest on damages to be awarded against Golden Vale (a copy of the order is annexed hereto as exhibit "E").

## ARGUMENT

### POINT I

### STA IS ENTITLED TO DAMAGES IN THE AMOUNT OF $1,736,468.00

STA's damage claim in the amount of $1,736,468.00 is comprised of three components – (i) $326,089.00 in contract cost overruns (see the Zacharias Affidavit par. 7-28), (ii) $1,156,604.00 in lost revenue resulting from extensive project delays (see the Zacharias Affidavit par. 29-40) and (iii) prejudgment interest in the amount of $253,775.00 (see the Zacharias Affidavit par. 41-42).

**A. Contract Cost Overruns.**

Damages in a negligence action are awarded "to restore the injured party, to the

3

extent possible, to the position that would have been occupied had the wrong not occurred." *McDougald v. Garber,* 73 N.Y.2d 246, 254, 538 N.Y.S.2d 937 (1989). An owner has the right to recover all reasonable damages sustained as a result of a contractor's negligent and defective work. *Poulos v. Badala,* 227 A.D.2d 118, 641 N.Y.S.2d 313 (1st Dept. 1996).

STA contracted with King Sha to have the Project completed for the amount of $531,500.00 (Zacharias Affidavit, par. 27). King Sha subcontracted the underpinning work to Golden Vale. As a direct result of Golden Vale's installation of defective underpinning, the King Sha contract work ultimately cost STA the amount of $857,589.00 (Zacharias Affidavit, par. 26). Accordingly, STA is entitled to an award of $326,089.00 for the cost overruns. *Id.*

**B. Lost Revenue.**

Where parties to a construction agreement have failed to set a specified date for performance, promised performance must be tendered within a reasonable time. *American Concrete Steel Co. v. Hart*, 285 F. 322 (2nd Cir. 1922); *Glen Cove Marina, Inc. v. Vessel Little Jennie*, 269 F.Supp. 877 (EDNY 1967). A damage calculation will be upheld "so long as the figure arrived at had a reasonable basis of computation and was not merely speculative, possible or imaginary…". *Estate of Rothko,* 43 N.Y.2d 305, 323, 401 N.Y.S.2d 449 (1977). A claim for lost revenue will not be considered speculative when it is based upon evidence of the past experience and profits of an established business. *Merlite Industries, Inc. v. Valassis Inserts, Inc.,* 12 F.3d 373, 376 (2nd Cir. 1993).

Here, notwithstanding that the Contract contained no schedule and no specified completion date, the reasonable completion date would have been April 25, 2005 (Beach Affidavit par. 5). *American Concrete*, supra. However, the Contract was not substantially completed until March 9, 2007, a delay of 22 months. The delays were a direct result of Golden

4

Vale's defective work. STA lost revenue in the amount of $52,572.92 for each month of the delay for a total of $1,156,604.00.

STA's lost revenue claim is fully recoverable since it is not speculative and, if anything, quite conservative. *Merlite Industries*, supra. It is based upon a definitive calculation, derived from hard numbers, supported by Mr. Zacharias' 30 years in the business and verified by three years of the Garage's earnings history (see the Zacharias Affidavit, par. 40). *Id.*

**C. Prejudgment Interest.**

STA is also entitled to prejudgment interest on both the cost overrun and lost revenue figures. New York law governs the substantive issues in a diversity action including the availability of prejudgment interest. *Campbell v. Metropolitan Property And Casualty Ins. Co.*, 239 F.3d 179 (2nd Cir. 2001).

*CPLR 5001* states the following concerning the application of prejudgment interest:

> (a) Actions in which recoverable. Interest shall be recovered upon a sum awarded because of a breach of performance of a contract, or because of an act or omission depriving or otherwise interfering with title to, or possession or enjoyment of, property...
>
> (b) Date from which computed. Interest shall be computed from the earliest ascertainable date the cause of action existed, except that interest upon damages incurred thereafter shall be computed from the date incurred. Where such damages were incurred at various times, interest shall be computed upon each item from the date it was incurred or upon all of the damages from a single reasonable intermediate date. *CPLR 5001*.

The First Department permits the awarding of prejudgment interest in claims by owners against contractors for cost overruns and lost profits. *Poulos,* supra (owner entitled to prejudgment interest on increased costs resulting from contractor's negligence); *BVE Productions, Inc. v. Saar Co., LLC,* 40 A.D.3d 349, 835 N.Y.S.2d 555 (1st Dept. 2007) (owner

5

entitled to prejudgment interest on its lost revenue claim against contractor). Accordingly, STA is entitled to prejudgment interest on its claim at 9% per annum (*CPLR 5004*) in the amount of $253,775.04 (see the Zacharias Affidavit, par. 42 and exhibit "T" for the prejudgment interest calculations and the dates of accrual upon which they are based).

## POINT II

### GOLDEN VALE IS NOT ENTITLED TO AN OFFSET FOR THE AMOUNTS RECEIVED BY STA IN ITS SETTLEMENTS WITH CTL AND KING SHA

The funds received by STA from its settlements with defendants CTL and King Sha have no effect on the amount of STA's judgment against Golden Vale. Here, STA's settlements with CTL and King Sha are irrelevant since Golden Vale is in default. A defaulting defendant it is not entitled to any credit or setoff for a plaintiff's settlement with a co-defendant when determining the amount of the default judgment. *Godfrey v. Soto,* 2007 WL 2693652 (EDNY) ("by defaulting, a defendant forfeits the protection against liability in excess of its equitable share secured by the Legislature to defendants generally."); *Sniadach v. Gonzales,* 191 Misc.2d 422, 743 N.Y.S.2d 221 (Civ. Ct. 2001). By reason of the foregoing, STA's judgment against Golden Vale must not be reduced by the amount of the settlement funds STA received from CTL and King Sha.

**<u>CONCLUSION</u>**

For all of the foregoing reasons, it is respectfully requested that this Court issue judgment against Golden Vale and in favor of STA in the amount of $1,736,468.00 and for such other and further relief the Court deems necessary given the circumstances.

Dated: New York, New York
        May 15, 2008

                                  RUSSELL M. WOLFSON
                                  Attorney for Defendant S.T.A. Parking Corp.

                                  By: <u>/S/ Russell M. Wolfson</u>
                                       Russell M. Wolfson (RW2847)
                                  The Woolworth Building
                                  233 Broadway, Suite 2200
                                  New York, New York 10279
                                  (212) 792-0198

To:    Golden Vale Construction Corp.
         58-67 56th Street
         Maspeth, NY 11378